KLEES, Judge.
Plaintiff, Zemo’s Heavy Equipment Repairs, Inc., filed against defendants, Alwyn Corne and Alwyn “Al” Corne Grading and Dozer Service, Inc., a petition on open account claiming a balance of $2,600.43 for providing trucking, hauling, and bulldozing services to defendants. Defendant denied liability, additionally pleading a setoff for work improperly performed by plaintiff and failure of consideration. The trial court dismissed plaintiffs petition on the basis that an item included in the account for $6,206.05, although included as a routine charge in the open account, was in fact based on an oral contract between the parties and as such required proof by at least one credible witness and other corroborating circumstances under LSA-C.C. Art. 2277. The trial court concluded that plaintiff did not carry this burden of proof and consequently could not recover. The issue is whether the record supports this conclusion.
The trial judge concluded that the parties enlarged the pleadings thereby converting the suit into one for a breach of an oral contract rather than a suit on an open account. Since the record supports this conclusion we believe the trial judge acted correctly.
After reaching this conclusion the trial judge evaluated the testimony of the plaintiff in light of Civil Code Article 2277 and reasoned that the plaintiff did not carry his burden of proof because he failed to present other corroborating circumstances to establish that there was an oral agreement between the parties to have an engine repaired for $6,206.05.
Our review of the record reveals a rather hopeless conflict in the testimony of the plaintiff and the defendant.
According to Dan Manuel Zemo, plaintiff’s principal officer, he and defendant had a verbal agreement that he would remove an engine from a particular bulldozer and rebuild it. However, after removal of the engine Zemo discovered that the engine block had a hole in it and he notified Corne who told him to locate another engine for the machine. Zemo located one in Jackson, Mississippi, rebuilt the engine, made the other repairs and Corne picked the machine up.
According to Corne, he bought this machine for $2,500 and made a special agreement with Zemo to repair it for not more than $2,500.00. Corne stated that the machine was worth $2,500 in its broken condition but if put into running condition it would be worth $5,000. Unlike their previous arrangements where Zemo would pick up machinery to be repaired, the understanding in this case was for Corne to bring the machine to Zemo and pick it up afterward and Zemo would work on the machine only in his spare time. When he received Zemo’s bill for $6,206.05 he “was really outdone about it.” When he spoke to Zemo the latter said that the machine was worth $10,-000 and Corne told him if he could sell it for $10,000 he would “make the extra thousand dollars.” After three months went by without the machine being sold by Zemo, Corne told him to take the machine for his payment and the two would be even but Zemo *885 refused this offer. Corne further testified as follows:
“We talked about $2,500. But if it would have exceeded $3,000, it would have made me a little aggravated and when I seen the $6,200, it made me flip. It made me extremely mad and I told him the machine was not worth over $5,000 and all the time he said he could sell it for $9,000 or $10,000. He wasn’t able to sell it. I eventually sold the machine.”
Zemo admitted that he offered to sell the machine for Corne after the repairs were made and the bill was submitted. He thought he had a buyer for between $8,500 and $10,000, but this sale did not materialize. He stated that around Christmas of 1979 he had his last conversation with Corne and in that conversation Corne told him to “just take the machine back” because it was “doing [him] no good.” Zemo went to examine the machine and found that the clutches had been torn out and the tracks taken off but he told Corne he would take the machine back in payment. When he went back to pick it up three and a half months later the machine was gone and Corne’s men told him that Corne had sold the machine.
The record discloses that the trial judge was aware of the conflict in testimony and because of this he was unable to accept the version of the plaintiff. The trial judge concluded in his Reasons for Judgment “.. . and the court holds that he has not carried his burden of proof by a preponderance of the evidence and accordingly the Court will dismiss the suit.” We cannot conclude that the trial judge was clearly wrong.
Accordingly, the judgment of the trial court dismissing the plaintiff’s suit is affirmed with the costs of this appeal to be borne by the respective parties.
AFFIRMED.
SCHOTT, J., dissents with written reasons.